IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | CASE NO.:   1:08 CR 506 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| ANTHONY L. VIOLA | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

This matter comes before the Court on Defendant Anthony Viola's Motion for New Trial Based on Newly Discovered Evidence. (ECF #380.) The Government filed a response in opposition to Mr. Viola's Motion. (ECF #382.) No reply has been filed. For the reasons set forth below, the Defendant's Motion is hereby DENIED.

## PROCEDURAL HISTORY

On April 1, 2011, Anthony Viola was tried and convicted by a jury on thirty-five of thirty-six counts arising from a mortgage fraud scheme. Subsequently, Mr. Viola filed a *pro se* motion for a new trial under Fed. R. Crim. P. 33, alleging ineffective assistance of counsel by his trial counsel Mr. Milano. (ECF #248.) On December 22, 2011, this court denied that motion on the grounds that Mr. Viola failed to show both that Mr. Milano was deficient and that Mr. Viola had been prejudiced by Mr. Milano's performance. (ECF #343.) On January 25, 2012, Mr. Viola filed a notice of appeal to the Sixth Circuit from this Court's denial of his motion for a new trial. (ECF #366.)

1

Mr. Viola was subsequently tried in state court on fifty-nine charges that involved some of the same conduct at issue in his federal trial. After a jury trial at the Cuyahoga County Common Pleas Court, where Mr. Viola appeared *pro se*, Mr. Viola was acquitted of all fifty-nine state charges brought against him. Mr. Viola then filed this present Motion for New Trial under Fed. R. Crim. P. 33 on May 15, 2012, alleging that information presented at his state court trial and his resulting acquittal require that he be granted a new trial in the federal action. (ECF #380.)

## **LEGAL STANDARD**

If a defendant files a notice of appeal and then files a Rule 33 motion for a new trial, the district court "ha[s] jurisdiction to entertain the motion and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case." *United States v. Cronic*, 466 U.S. 648, 667 n.42 (1984); *see also United States v. Phillips*, 558 F.2d 363, 363 (6th Cir. 1977) (per curium). If the trial court denies the motion on its merits, an immediate appeal of this decision may be taken and consolidated with the pending appeal. *See United States v. Blanton*, 697 F.2d 146, 148 (6th Cir. 1983).

A court may, when the interests of justice so require, vacate any judgment and grant a new trial when a defendant makes a motion for such relief. *See Fed. R. Crim. P. 33*. A new trial may be granted in the "interest of justice" upon a finding of ineffective assistance of counsel. *See United States v. Munoz*, 605 F.3d 359, 381 (6th Cir. 2010). In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

2

Any motion for a new trial filed more than fourteen days after the verdict, as is the case here, must be based on newly discovered evidence. *See Fed. R. Crim. P. 33*. To warrant a new trial on the basis of newly discovered evidence, a defendant must establish:

> (1) the new evidence was discovered after trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal.

*United States v. Jones*, 399 F.3d 640, 648 (6th Cir. 2005) (quoting *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986). New legal theories or new interpretations of the legal significance of evidence do not constitute "newly discovered evidence" for the purposes of Rule 33. *See United States v. Seago*, 930 F.2d 482, 489 (6th Cir. 1991).

## ANALYSIS

Mr. Viola fails to show that any of the evidence produced for or revealed during his state trial "could not have been discovered earlier with due diligence," as required by the second prong of the *O'Dell* test. In fact, Mr. Viola's Motion alleges the exact opposite. In his Motion, Mr. Viola contrasts his decision to seek out and present various pieces of evidence and witness testimony during his state trial with Mr. Milano's failure to seek out and present this same information during Mr. Viola's federal trial. Mr. Viola argues that this establishes the prejudice necessary to his earlier ineffective assistance of counsel claim. Mr. Viola's argument, however, rests on the premise that Mr. Milano either easily could have or already had obtained this information, yet unreasonably declined to include it in the federal trial. Thus, as even Mr. Viola himself argues that the information presented during the state trial could have been obtained with due diligence at the time of the federal trial, this information cannot be considered "newly discovered evidence" as required for a Rule 33 motion.

3

Moreover, although the state acquittal itself could arguably provide evidence of prejudice, the mere fact that Mr. Viola, armed with the knowledge that Mr. Milano's strategy during the federal trial failed to meet with success, managed an acquittal at his state trial is insufficient to show that Mr. Milano's performance at the federal level was deficient. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . "). In rejecting Mr. Viola's original motion for a new trial, (ECF #248), this Court concluded, "there is absolutely no evidence that Mr. Milano 'scaled back' his defense of Mr. Viola, or that any strategic decisions were made other than on the basis of reasoned professional judgment," (ECF #343). Mr. Viola has produced no new evidence to call this finding into doubt. Specifically, Mr. Viola has produced no evidence to undermine our previous finding that Mr. Viola, not Mr. Milano, was responsible for obtaining any materials available from private investigator Colley. Similarly, Mr. Viola has failed to produce any information to indicate that Mr. Milano's choice not to call certain witnesses was anything other than a strategic decision made within the bounds of professional judgment. And finally, Mr. Viola has produced no evidence indicating that he informed the Court at trial of his desire to testify. *See United States v. Webber*, 208 F.3d 545, 551 (6th Cir. 2000) (explaining that waiver of the right to testify is presumed by the defendant's failure to either testify or inform the trial court of his desire to do so). Thus, Mr. Milano's strategic choice to advise Mr. Viola against testifying still cannot be considered unreasonable or deficient.

## CONCLUSION

Because the information produced during the state trial does not constitute "newly discovered evidence" and the acquittal itself fails to show that Mr. Milano's performance at the federal trial was "deficient," Mr. Viola's Motion for New Trial Based on Newly Discovered Evidence, along with his Request for Oral Hearing, (ECF #380), is DENIED. IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: July 25, 2012