UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1: 08 CR 506 |
| | ) | |
| vs. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| ANTHONY L. VIOLA, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM OPINION AND ORDER |

This matter is before the Court on Defendant Anthony L. Viola's Motion to Unseal Records Relating to Conflict of Interest and Government Intrusion Into Right to Counsel, (ECF #445), and his Notification of Lender Settlements and Payments Relating to Restitution Orders in this Case. (ECF #443). Mr. Viola seeks to unseal documents which he believes provide evidence of a violation of his Sixth Amendment right to counsel. In addition, he seeks to reduce his restitution obligations by showing that the lenders should not be regarded as victims in his case because they also committed wrongdoings.

## PROCEDURAL HISTORY

On April 1, 2011, a jury convicted Mr. Viola on thirty-five counts arising from his involvement in a mortgage fraud scheme. Pursuant to Fed. R. Crim. P. 33, Mr. Viola filed a *pro se* motion for new trial, which was subsequently denied by this Court. (ECF #248, #343). Mr. Viola then filed a notice of appeal to the Sixth Circuit from this Court's denial of his motion for new trial on January 25, 2012. (ECF #366). Approximately two years later, on April 10, 2014, Mr. Viola filed his notice of appeal, (ECF #442), appealing this Court's denial of his third motion to dismiss. Viola filed his notice of appeal one day before he filed his Notification of

Lender Settlements and four days before he filed his Motion to Unseal Records (ECF #448).

## ANALYSIS

The filings at issue in this opinion were submitted by Mr. Viola after his notice of appeal was submitted to the 6th Circuit. "A timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir.1993). Therefore, the Court does not have jurisdiction to consider Mr. Viola's subsequent filings. Although there is an exception to this general rule–namely that a District Court can entertain a motion for relief from judgment after an appeal has been filed–the filings here do not fall within this exception. *First National Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 346 (6th Cir. 1976).

Even if the Court were to consider the merits of Mr. Viola's two filings, his arguments are unsound. Mr. Viola's first filing–Notification of Lender Settlements–is an attempt to shift his guilt to the lenders, who he claims admitted to their own wrongdoings and, therefore, should not be considered victims in this matter (ECF #443). However, Mr. Viola already addressed this issue unsuccessfully during trial. Following the conclusion of his trial, Mr. Viola also had an opportunity to address the validity of the restitution amount at his sentencing.

Mr. Viola now argues with regard to this issue that: (1) he had obtained newly discovered evidence; and, (2) his defense counsel was ineffective. Mr. Viola bears the burden of proving that a new trial should be granted for newly discovered evidence. *United States v. Pierce*, 62 F.3d 818, 824 (6th Cir.1995). Mr. Viola failed to meet this burden. He points to no newly discovered evidence in his filing. Rather, he is attempting to re-litigate the legal significance of existing evidence, which is not permitted. *U.S. v. Seago*, 930 F.2d 482, 489 (6th Cir. 1991).

With regard to Mr. Viola's claim of ineffective assistance of counsel, "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In this case, Mr. Viola has failed to offer sufficient evidence supporting his ineffective assistance of counsel claim.

Mr. Viola's second filing–Motion to Unseal Records Relating to Conflict of Interest and Government Intrusion Into Right to Counsel– is also without merit. Mr. Viola requests that the Court unseal documents relating to a Court Order, (ECF #101), which he believes was an "ex parte" order addressing a motion made by federal prosecutors. He claims this order limited his ability to participate in his defense. However, the Court Order referred to by Mr. Viola did not limit his ability to defend himself. Rather, it related to a modification of his pretrial release conditions due to his harassment of a potential witness for the government. The request for modification was made by pretrial services, not prosecutors, and there are no sealed documents relating to this issue that could be unsealed. These modified conditions simply required Mr. Viola to avoid contact with co-defendants and/or any potential witnesses to preclude him from engaging in further harassment. Further, Mr. Viola's attorneys testified that he was very active in his defense, undermining his argument that he was deprived of the opportunity to participate in his own defense. Lastly, Mr. Viola's arguments that there was a conflict of interest involving his attorney is baseless. There was no conflict of interest involving Mr. Viola or his counsel of record.

## CONCLUSION

The Court has reviewed the entire record in this case and finds Defendant Anthony L. Viola's filings were filed after his notice of appeal divested this Court of jurisdiction. Further, his

claims are without merit. Therefore, the Defendant Anthony L. Viola's Motion to Unseal Records Relating to Conflict of Interest and Government Intrusion Into Right to Counsel and his Notification of Lender Settlements and Payments Relating to Restitution Orders in this Case are hereby DENIED.

    IT IS SO ORDERED.

                                                /s/ Donald C. Nugent
                                                DONALD C. NUGENT
                                                United States District Judge

DATED: June 19, 2014