UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:08 CR 506 |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| ANTHONY L. VIOLA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, Anthony L. Viola's Motion to Expand the Record in Support of § 2255 Petition. (ECF #456). Mr. Viola requests that the Court expand the record in the above-captioned case, to allow him to obtain and include all trial transcripts from the case *State of Ohio v. Viola*, CR 10-536877, in the Cuyahoga County Court of Common Pleas. He claims that the charges in this case were so closely related to the charges in the state case that the transcripts of the state trial should be made part of the record in this federal action.

Mr. Viola's motion is denied for several reasons. First, Mr. Viola filed his second Notice of Appeal appealing this Court's denial of his Third Motion to Dismiss (ECF #442), and his appeal is still pending. Once Mr. Viola filed his Notice of Appeal, this Court was divested of jurisdiction over the case. *See, United States v. Garcia-Robles*, 562 F.3d 763 (6th Cir. 2009).

Therefore, the Court may not properly consider his request for expansion of the record, filed six months after the Notice of Appeal had been filed, and after the Court lost jurisdiction over the matter.

Further, even if the Court were able to consider the Motion, it would fail on the merits. Mr. Viola's attempt to insert his state court proceedings into this action to prove ineffective assistance of counsel is misplaced. Federal and state courts are separate sovereigns and separate jurisdictions. A conviction in federal court cannot be undone by an acquittal on similar, or even the same parallel state charges tried in a separate state court proceedings. Further, there is no bar to double prosecution by two separate sovereigns, or the inconsistent judgments that may result, therefore. This is true even if the law enforcement authorities from both sovereigns cooperated with each other during the investigatory process, as Mr. Viola alleges occurred in this case. *See, United States v. Lebreux*, 2009 WL 87505 (6th Cir. 2009); *United States v. Djoumessi*, 538 F.3d 547, 550-51 (6th Cir. 2008).

In addition, the information presented in Mr. Viola's state trial does not constitute "newly discovered evidence" which could be relevant in a § 2255 motion. Mr. Viola has not alleged that there was any evidence presented in the state case that was not available or known to him, personally, during the federal proceedings. The allegation that his defense addressed the state charges differently than the federal charges does not affect the validity of his federal conviction. New legal theories and new interpretations relating to the legal significance of evidence does not equate to "newly discovered evidence" which could be permissibly considered in a § 2255 motion. *See, United States v. Seago*, 930 F.2d 482, 489 (6th Cir. 1991); *United States v. Coker*, 23 Fed. Appx. 411, 412 (6th Cir. 2001).

The fact that Mr. Viola's defense changed strategy after his conviction in federal court is not surprising, as he was convicted under the first approach.  However, neither is it relevant to the validity or constitutionality of the federal proceedings.   Defendants are not allowed to obtain an acquittal by changing their strategies and defenses following a conviction, any more than the prosecution is allowed to re-try an acquitted defendant under new theories until they come up with a conviction.  Whatever happened in the state court proceedings has no bearing on the propriety of the federal trial proceedings or the validity of the jury's determination under the facts and theories presented at the federal trial.

The guarantee of effective counsel does not guarantee any particular result, or even consistent results among proceedings in different sovereignties.  This Court has exhaustively reviewed Mr. Viola's claims of ineffective assistance of counsel based on the actions and inactions of counsel in the federal proceedings, including holding an eight hour hearing on Mr. Viola's motions for new trial.  Following presentation and review of all the relevant evidence and a thorough review of all of the trial and pre-trial proceedings, the Court found that counsel was effective and that the proceedings and the conviction were both proper and fully compliant with the Constitution.  Nothing that may or may not have occurred in the state court proceedings has any effect on that determination.  Therefore, Defendant's Motion to Expand the Record in Support of § 2255 Petition (ECF #456) is DENIED.   IT IS SO ORDERED.

          /s/ Donald C. Nugent  
          DONALD C. NUGENT  
          United States District Judge

DATED:   November 24, 2014