UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:08 CR 506 |
| Plaintiff, | ) ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| ANTHONY L. VIOLA, | ) ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon several new motions filed by Defendant, Anthony Viola, including a Motion Challenging Jurisdiction and to Vacate Court Order, (ECF #487); a Motion to Compel the Government to Serve its 2255 Pleadings and For Extension of Time to Reply to Government Pleadings, (ECF #489); a Motion to Show Cause, (ECF #488); a Motion to Disqualify, (ECF #490), a Motion for Reconsideration, (ECF #491), a Motion to Compel Production of Conflict Waiver and Transcript from Conflict Hearing, (ECF #492), and a Motion to Compel Production of Paul Tomko's Testimony, (ECF #495). The government has filed a combined Response in Opposition to Defendant's Motions to Show Cause and Motion to Compel, (ECF #494), and has filed a separate response to Mr. Viola's Motion to Disqualify. (ECF # 493).

Although the government believes that a copy of its Response in Opposition to Mr. Viola's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 was

mailed to him, it does not challenge his assertion that he never actually received a copy of their Response. (ECF #494, at 2).  In its response, the government asserts that it conducted and inter-office review of Viola's allegation that "there exist reason to believe that the Government's Response in Opposition to Viola's Motion to Vacate was mailed to Violas at F.C.I. McKenn at the address listed in the certificate of service.... However, the undersigned has been advised that F.C.I. McKean does not accept mail via certified mail and, therefore, the undersigned cannot provide the Court with definitive proof of the mailing and/or delivery." (ECF #494, at 2). As such, the Court finds that Mr. Viola had no fair opportunity to reply to the government's response prior to the Court's issuance of its decision on that petition.

The government has also represented that another copy of its response has been mailed to Mr. Viola, and they do not oppose the Court's allowance of additional time for Mr. Viola to file a Reply to that Response.   For these reasons, Mr. Viola's Motion to Vacate the Court Order issued on July 24, 2015, (ECF #487), is GRANTED; the Motion for Reconsideration of that Order, (ECF #491), is  DENIED as moot, and the Motion to Compel the Government to Serve its 2255 Pleadings and for Extension of Time to Reply to Government Pleadings, (ECF #489), is GRANTED in part, and DENIED in part as moot.  The government has already served the requested documents, therefore, the request  to compel is denied as moot.  His motion for extension of time to Reply is granted.  Mr. Viola has until September 10 to file his reply.[1]

Mr. Viola's Motion to Show Cause, (ECF #488), is DENIED, as the government, through its Response in Opposition to Defendant' Motion to Show Cause and Motion to Compel, (ECF

---

[1] This gives Mr. Viola fourteen days to file his reply, as would be allowed any reply on a non-dispositive motion.  Further, he is obviously already in possession of the information contained in the government's response, as that information was referenced in these motions, so he should not need any additional time to address the government's arguments.

#494), has provided sufficient indication that they have not intentionally violated Fed. R. Crim. Pro. 49, or any order of this Court.  Any inadvertent failure to serve Mr. Viola with filings has been corrected and the Court's allowance of an extension of time to file his reply has eliminated any prejudice that might have otherwise occurred from any such failure.

Mr. Viola's Motion to Compel Production of Conflict Waiver and Transcript from Conflict Hearing are DENIED.  Neither the government nor this Court has ever represented that Mr. Viola executed a written conflict waiver or that any hearing was held to discuss a potential or actual conflict of interest involving Mr. Viola or his counsel.  There was discussion in open court about a potential conflict of interest involving attorney Michael Goldberg, counsel for Mr. Viola's co-defendant, Uri Gofman based on his previous representation of another co-defendant, Kathryn Clover.  This potential conflict did not involve Mr. Viola or his either of his attorneys.  Further, this Court's reference to a waiver of potential conflict arising from the joint defense agreement between the co-defendants who went to trial, which was contained in the July 24, 2015 Order that is vacated through this Order  has been misconstrued by Mr. Viola.  Although there was no formal waiver of potential conflict, Mr. Viola knowingly participated in and benefitted from the joint defense agreement and never made any objection to this Court.  Further, he was represented by his own separate counsel.  Therefore, there is no indication that an actual conflict of interest existed, and any potential conflict was waived by his knowing acceptance of the arrangement and his failure to object to the agreement at any time prior to or during his trial.  For these reasons, Mr. Viola's Motion to Compel Production of Conflict of Waiver and Transcript from Waiver Hearing, (ECF #492), is DENIED.

Mr. Viola's Motion to Compel Production of Paul Tomko's Testimony, (ECF #495), is

also DENIED.  Mr. Tomko was not a witness at Mr. Viola's federal trial and there is, therefore, no testimony to be produced.   This request was based on a misstatement by the Court in the now vacated Order dated July 24, 2015.  Responding to Mr. Viola's representation that the government had used Mr. Tomko as an expert, the Court mistakenly stated that "Mr. Tomko was a witness at trial, which Mr. Viola and his defense knew."  (ECF #486, pg. 23, fn. 8).  The Court meant to state that despite Mr. Viola's allegation that he was used as an expert, Mr. Tomko was *not* a witness at Mr. Viola's federal trial, which Mr. Viola and his defense knew.  If called upon to address Mr. Tomko's alleged role in Mr. Viola's conviction following the full briefing of the Mr. Viola's motion to vacate, this statement will be corrected.

Finally, Mr. Viola's Motion to Disqualify is DENIED.  A judge is "presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.'" *Scott v. Metropolitan Health Corporation*, 234 Fed. Appx. 341, 352 (6th Cir. 2007), cert denied, 128 S.Ct. 1225 (2008).  Under 28 U.S.C. § 144, a judge must recuse himself when a party files a "timely and sufficient affidavit" alleging "personal bias or prejudice" and where there is a showing of actual bias.   Bias or prejudice means "a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not possess..., or because it is excessive in degree...." *Liteky v. United States*, 510 U.S. 540, 550 (1994)(emphasis in original); *see, also, Williams v. Anderson*, 460 F.3d 789, 814 (6th Cir. 2006).   Title 28 U.S.C. § 455 requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. §

455(a), (b)(1). Under either statute, recusal must be predicated upon "extrajudicial conduct rather than on judicial conduct." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355 (6th Cir. 1988).

Contrary to Mr. Viola's assertions, the presiding Judge in this case has no personal knowledge of any "key evidence" relating to disputed evidentiary facts relevant to the proceeding. As set forth above, the "conflict of interest hearing" referenced in Mr. Viola's motion involved different parties and is not relevant to Mr. Viola's trial or conviction, and there was no actual conflict involving Mr. Viola and his own counsel. To the extent that he knowingly and voluntarily participated in the joint defense agreement, without voicing any objection, Mr. Viola waived his right to challenge any potential or perceived conflict arising from that agreement. There are no secret or hidden proceedings, nor any undisclosed documents that Court is aware of which would have any bearing on Mr. Viola's case. Further, any knowledge the Court may have regarding any conflict issues would have been obtained during court proceedings and would qualify as judicial rather than extrajudicial conduct. "Opinions held by judges as a result of what they learned in earlier proceedings do not qualify as bias or prejudice." *Williams v. Anderson*, 460 F.3d 7789, 815 (6th Cir. 2006).

Mr. Viola has not alleged any other facts that would support a finding of personal bias, prejudice, or impartiality. He has made unfounded assertions and allegations based on nothing more than his "personal belief" that the presiding Judge is "afraid to rule against the U.S. Attorney's Office" and his assertion that "three dozen" unnamed witnesses who would testify to his innocence don't understand why he has not been granted a hearing on his case. Aside from these unsupported and conclusory statements, which themselves complain only of judicial

conduct not addressable by the recusal statutes, Mr. Viola points only to a series of adverse rulings as support for his allegation of bias. *Easley*, 853 F.2d at 1355. The fact that a litigant (or his supporters) disagrees with the legal rulings in the case does not establish that the court's decisions are the product of bias. *Shepard v. United States*, 2009 WL 3106554, *2-3 (E.D. Mich. Sept. 18, 2009). The subjective view of the party involved is not sufficient to support a recusal motion, no matter how strongly that view may be held. *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). Further, "the Supreme Court held that 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Wilson v. Parker*, 515 F.3d 682, 701 (6th Cir. 2008), *cert denied*, 130 S. Ct. 113, (2009). To the extent that Mr. Viola disagrees with the legal and factual conclusions of this Court, those rulings are appealable. Mr. Viola has, in fact, appealed nearly every Order issued by this Court, and to this point, each of those Orders has been upheld. For these reasons, Mr. Viola has not satisfied his burden of showing actual or apparent impartiality, bias or prejudice sufficient to warrant disqualification or recusal under 28 U.S.C. §§ 144, 455. The Motion to Disqualify, (ECF #490), is also, therefore, DENIED.

For all of the reasons set forth above, Mr. Viola's Motion Challenging Jurisdiction and to Vacate Court Order, (ECF #487) is GRANTED on other grounds; his Motion to Compel the Government to Serve its 2255 Pleadings and For Extension of Time to Reply to Government Pleadings, (ECF #489) is GRANTED in part and DENIED in part; his Motion to Show Cause, (ECF #488), is DENIED; his Motion to Disqualify, (ECF #490), is DENIED; his Motion for Reconsideration, (ECF #491), is DENIED as moot; his Motion to Compel Production of Conflict Waiver and Transcript from Conflict Hearing, (ECF #492), is DENIED; and, his Motion to Compel Production of Paul Tomko's Testimony, (ECF #495), is DENIED.

IT IS SO ORDERED.

   /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:  August 27, 2015