UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:08 CR 506 |
| | ) | |
| vs. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| ANTHONY L. VIOLA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on a series of motions filed by Defendant, Anthony L. Viola. The following motions are still showing as pending on the Court's docket:

(1) Motion Requesting This Court Take Judicial Notice of the FOIA Suit Filed in Erie, PA. (ECF #507)

(2) Motion for Bond and Motion to Compel Production of Memorandum of Understanding Between the FBI and the Joint Task Force. (ECF #512).

(3) Motion for Sanctions. (ECF #514).

(4) Motion to Make Correspondence Part of the Record. (ECF #525).

(5) Motion to Take Judicial Notice of Filing in Case No. 15-242E, W.D. Pa, Viola vs. Department of Justice. (ECF #527).

(6) Motion for Sanctions.  (ECF #528).

(7) Motion to Compel Production of Jenks Material.  (ECF #530).

(8) Motion to Authorize Release of Records.  (ECF #532).

(9) Motion to Take Judicial Notice.  (ECF #536).

(10) Motion to Reduce Restitution.  (ECF #539).

The Government has filed Responses in Opposition to Docket Numbers 512, 514, 525, 528, and 539.  Mr. Viola has filed Replies in support of his Motions for Sanctions and Motion to Compel Production of Memorandum of Understanding Between the FBI and the Joint Task Force. (ECF #520, 531).

As a preliminary matter, none of the motions filed by Mr. Viola are matters that should be considered by the Court in these post-conviction proceedings.  Mr. Viola has already submitted a challenge to his conviction and sentence under §2255, which the Court denied. (ECF #506).  No certificate of appealability was issued in connection with that opinion.  The Court also denied Mr. Viola's Motion to Reconsider the denial of the §2255 motion, and the Sixth Circuit upheld that decision.  (ECF #511, 535).   Further, a second or successive motion under §2255 may not be filed without permission from the Sixth Circuit.  28 U.S.C. § 2255(h).  Mr. Viola has not obtained any such permission.  Absent a pending motion to vacate or correct his sentence under 28 U.S.C. § 2255, the motions Mr. Viola has filed serve no legitimate purpose and could not have any possible effect on Mr. Viola's conviction or sentence.   The case has long been terminated and no future filings will be accepted under this case number unless the Sixth Circuit authorizes a second or successive petition under 28 U.S.C. § 2255(h).

In addition, the currently pending motions fail other reasons.  The majority of the issues

raised have been raised and addressed in a myriad of other motions and hearings and have been resolved against Mr. Viola in multiple decisions from this Court and the Sixth Circuit Court of Appeals.  They are all aimed at re-visiting this Court's denial of Mr. Viola's original request for a new trial and/or his request for relief under §2255.  As such, they are barred by the law-of-the-case doctrine.

Further, the Motion Requesting This Court Take Judicial Notice of the FOIA Suit Filed in Erie, PA, (ECF #507), and Motion to Take Judicial Notice of Filing in Case No. 15-242E, W.D. Pa, Viola vs. Department of Justice, (ECF #527), and the Motion to Take Judicial Notice of a letter Mr. Viola received from Judge Gaul and a communication he had with the Court of Appeals, (ECF #536), are all baseless.  Mr. Viola's requests for information filed in another district, and his personal communications with other courts have no bearing on any issues pending before this Court.  Further, the Court may not take judicial notice of private communications that have no special indicia of reliability.

Mr. Viola's Motion for Bond and Motion to Compel Production of Memorandum of Understanding Between the FBI and the Joint Task Force (ECF #512), Motion for Sanctions (ECF #514), Motion to Add to the Record (ECF #525), Motion to Compel (ECF #530), Motion for Sanctions (ECF #528), and Motion to Authorize Release of Records (ECF #532) are also without merit.  Mr. Viola is not entitled to bond.  He was convicted and sentenced, and his sentence has been upheld by the Sixth Circuit.   There is no showing he could make under these circumstances that would entitle him to be released on bond.   The other issues raised in these motions have been addressed in whole, or in part, in a myriad of prior opinions, which have all been upheld by the Sixth Circuit.   These include, but are not limited to the Court's Orders at ECF #411, 460, 466,

473, 506, 511. Mr. Viola has repeatedly raised the issue of Ms. Clover's alleged relationship with the prosecutor in his state case, of an alleged existence of a conflict of interest, and of the allegation that the bank victims had unclean hands. The Court has already addressed each of these issues in prior opinions, finding that none of these allegations had any effect on the Constitutionality of Mr. Viola's federal trial. They also fail to provide a basis for imposing sanctions on the federal prosecutor. Mr. Viola has also repeatedly argued that he was deprived of available information during his trial, and that there is new evidence available that would support his request for a new trial. The Court has painstakingly addressed these arguments in prior opinions finding that Mr. Viola had access to all information that he was legally entitled to at the time of his trial, and finding that there he has presented no evidence of the existence of any new information that would have had an effect on his federal trial.

In addition, Mr. Viola has no standing to file a motion to compel, or to seek judicial intervention authorizing a release of records because he has not demonstrated that he has exhausted his administrative remedies under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B) and (C). *See, United States v. Reed*, 1994 WL 524088 (6th Cir. Sept. 26, 1994), citing *In re Steele*, 799 F.2d 461, 465-66 (9th Cir. 1986). He has also not demonstrated that any of the requested records would be likely to contain new information justifying the allowance of a second §2255 motion. Further, even if Mr. Viola was in possession of new information, this Court cannot entertain a second or successive §2255 motion without authorization from the Sixth Circuit, so any petitions related to such a motion should be directed to the Sixth Circuit, and not to this Court.

The Court also finds that Mr. Viola's latest Motion to Reduce Restitution by Amount

Victim Received in Civil Settlement (ECF #539) is deficient for a variety of reasons. First, the motion does not contain any actual legal or factual information that would support the relief requested. It generally avers that one of the victim banks was involved in a settlement that may have affected two of the properties tied to his restitution calculation.

> "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."

*McPherson v. Kelsy*, 125 F.3d 989, 996 (6th Cir. 1997), citing *Citizens Awareness Net-work, Inc. v. United States Nuclear Regula-tory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995) (citation omitted); *accord United States v. Hayter Oil Co.*, 51 F.3d 1265, 1269 (6th Cir.1995); *United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir.1993), cert. denied, 510 U.S. 1119,114 S.Ct. 1070, 127 L.Ed.2d 389 (1994). Even giving deference to the fact that Mr. Viola is filing *pro se*, his motion is devoid of any actual evidence, and the arguments he has made in this motion are insufficient to establish any right to relief. In addition, he has previously raised the issue of the banks' alleged complicity and unclean hands in an attempt to void both his conviction and the restitution order, and the Court has denied relief in all prior instances. Therefore, once again, this line of argument would be barred under the law of the case.

For all of the above reasons, the following motions filed by Mr. Viola are all DENIED: (1) Motion Requesting This Court Take Judicial Notice of the FOIA Suit Filed in Erie, PA (ECF #507); (2) Motion for Bond and Motion to Compel Production of Memorandum of Understanding Between the FBI and the Joint Task Force (ECF #512); (3) Motion for Sanctions (ECF #514); (4) Motion to Make Correspondence Part of the Record (ECF #525); (5) Motion to Take Judicial

Notice of Filing in Case No. 15-242E, W.D. Pa, Viola vs. Department of Justice (ECF #527); (6) Motion for Sanctions (ECF #528); (7) Motion to Compel Production of Jenks Material (ECF #530); (8) Motion to Authorize Release of Records (ECF #532); (9) Motion to Take Judicial Notice (ECF #536); and, (10) Motion to Reduce Restitution (ECF #539).

Mr. Viola has established a pattern of filing motions in this case that are repetitive and baseless. Both this Court and the Sixth Circuit have informed him, by way of their opinions in this case, that the courts will not consider motions and appeals which disregard the established law of the case. (ECF #506, 511, 535). Nonetheless he continues filing motions that have no bearing on any actual relief that he is legally entitled to pursue. These filings appear calculated to abuse the judicial process and to harass the prosecution. The prosecution has twice requested that this Court declare Mr. Viola a vexatious litigator based on this behavior. (ECF #529, 540). Mr. Viola has never opposed or otherwise responded to these requests. Accordingly, Mr. Viola is permanently enjoined from filing any further motions or other documents pertaining to his conviction and sentence in this criminal action unless and until he has received permission from the Sixth Circuit to file a second or successive petition under 28 U.S.C. §2255.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: September 1, 2017